[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to Practice Book § 4059, the court files the following memorandum of its decision regarding its prior granting of the defendant's Motion for Permission to File Interpleader Counterclaim/Cross-Claim, dated July 26, 1996, and granted on July 23, 1996.
I. FACTUAL AND PROCEDURAL BACKGROUND
The underlying case is a foreclosure of a mechanic's lien, involving the amount of $2,250.00. The issue which is subject of this motion concerns alleged conflict over the priority of liens between the federal government and the plaintiff.
In late 1992, the defendant and P.R.E. Builders, Inc. ("PRE") entered into an oral contract to expand the defendant's house and install a new septic system. There were various change orders to the original contract; the parties do not seem to disagree that total charges between the defendant homeowner and PRE totalled $50,503.90. The parties also agree that of CT Page 5316-GG this amount the defendant paid PRE $48,253.90, leaving an unpaid balance of $2,250.00. Subsequent to making payments, the defendant was notified by the Internal Revenue Service (IRS) of its notice of levy to any monies owed to PRE. In subsequent correspondence between the defendant and itself, the IRS notified the defendant that it had secured a lien against PRE for its failure to pay taxes. (See Internal Revenue Code, Section 6321.) The IRS claims that its lien and levy take precedence over any mechanics' liens on the defendant's property.
Yankee Millwork, the named plaintiff in this case, had entered into a contract with PRE to furnish materials for PRE's use in completing defendant's addition. This contract between the plaintiff and PRE included a credit agreement: Yankee would furnish materials to PRE on the assumption that the materials would be used to finish the defendant's home. When PRE failed to pay Yankee, the plaintiff placed a lien on the defendant's property.
II. DISCUSSION
There is no disagreement between the parties that the amount of money outstanding is $2,250.00. The defendant simply does not want to pay Yankee and have the IRS still have a claim against him for the same amount of money; conversely, the defendant does not want to pay the IRS and have Yankee still have a claim against him. Accordingly, the defendant sought to join the IRS in this action so that all necessary parties would be before the court. Defendant argues that he could then deposit the disputed funds with the court and let the plaintiff and the IRS litigate lien priority.
The plaintiff argues that there is no reason to turn a foreclosure action into an interpleader action and by doing so, the court will greatly prejudice the plaintiff. Plaintiff also argues that the case has been pending since December of 1995; if the defendant wanted to cite in the IRS, defendant should have done so earlier.
The court heard extensive oral argument on this matter at the July 29, 1996, short calendar. The defendant argued that the IRS (specifically, the United States of America) should be cited into this action so that all necessary parties would be before the court and the issue of which entity was paid the $2,250.00 by the defendant homeowner would be resolved by the court. CT Page 5316-HH
After hearing argument and reviewing the briefs in this matter, this court was persuaded by the defendant's argument. Section 117 of the Practice Book allows the impleading of a new party by a defendant. Section 52-102 of the Connecticut General Statutes permits the joinder of necessary persons by the court ". . .if that person is necessary for a complete determination or settlement of any question involved therein. . . . ". Equity in this case demands such an impleading. Judicial economy mandates that the issue of who gets paid by the defendant be resolved in one forum at one time, precluding the possibility of the defendant being required to pay two entities the sum of $2,250.00 and precluding the possibility of a separate lawsuit between the defendant and the IRS. If in fact, the IRS does not have a valid lien against the defendant, that issue can be resolved by the same trial court. Clearly, such a decision, while slightly delaying the plaintiff's claim to the $2,250.00, does not prejudice the plaintiff in any way. This court does not feel that the motion is untimely as plaintiff argues. At oral argument, defense counsel explained his firm's fairly recent involvement in the case. Furthermore, at the time the motion was filed, this matter was only seven months old.
Finally, whether the IRS/USA has an interest adverse to that of the plaintiff is appropriately decided by the trial court when the court has all of the necessary parties before it.
By granting the defendant's motion, it was not this court's intent to discharge the defendant from these proceedings. The granting of the motion to implead the IRS/USA was to enable the defendant to serve the IRS/USA with an interpleader complaint. The defendant, the property owner Bienkowski, is not at this time discharged as a party from this case. To the extent that the defendant's motion sought to discharge Bienkowski, that part of the motion is denied.
III. CONCLUSION
Based on this court's need to have all necessary parties before it and based on this court's need to avoid multiple litigation and preserve judicial resources, defendant's Motion to File Interpleader Counterclaim Cross-claim is granted.
SUSAN B. HANDY JUDGE, SUPERIOR COURT CT Page 5316-II
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5316-JJ
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5316-KK
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5316-LL
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5316-MM
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5316-NN
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5316-OO